IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Ray Thomas, II, | C/A No. 4:24-cv-5162-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| The Administrative Office of the United States Courts, United States Bankruptcy Court, United States Trustee's, | |
| Defendants. | |

Plaintiff Charles Ray Thomas, II ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action. This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 8.] The Report recommends summary dismissal because the court lacks jurisdiction to consider Plaintiff's "petition to vacate the bankruptcy order." *Id.* at 3. Included with the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 4. On September 30, 2024, Plaintiff filed objections. [ECF No. 10.] This matter is ripe for review.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To

trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The magistrate judge recommends summary dismissal because the court lacks jurisdiction. [ECF. No. 8.] The court agrees with the Report. Although Plaintiff seeks to appeal an order by a bankruptcy court, to do so one must file a notice of appeal with the bankruptcy clerk within 14 days after entry of the order being appealed. *See* Fed. R. Bankr. Proc. R. 8002–03. As explained in the Report, Plaintiff never filed a notice with the bankruptcy clerk. [ECF No. 8 at 2.]

Additionally, Plaintiff's appeal is time-barred as he failed to file this action within the 14-day period. *Id.* The relevant bankruptcy order was entered July 2024, and Plaintiff filed this action in September 2024. *Id.* Accordingly, this action was brought out of time, and the court lacks jurisdiction to consider it. *Id.* at 3; *see In re Poddar*, 507 F. App'x 773, 775 (10th Cir. 2013) ("[T]he failure to file a timely notice of appeal from a bankruptcy court's order constitutes a jurisdictional defect." (quoting *In re Latture*, 605 F.3d 830, 832 (10th Cir. 2010))). The court agrees with the magistrate judge's conclusion—this court lacks jurisdiction based on Plaintiff's failure to timely file a notice of appeal.

Plaintiff's objections do not directly address the reason for dismissal offered in the Report, nor does he offer arguments that are determinative in this case. Nevertheless, the court addresses Plaintiff's objections below. Plaintiff offers the following objections: (1) violation of the right to an Article III court; (2) improper referral of non-core issues; (3) bankruptcy court's lack of authority and request to vacate the bankruptcy order; (4) request for appeal to the Federal Circuit; (5) magistrate judge lacks authority to dismiss this case; and (6) a challenge to the referral order.

In response to his first and fifth objections, Plaintiff correctly states that magistrate judges are not Article III judges and therefore cannot issue a final disposition in this matter. [ECF No. 10 at 1–2.] But to the extent he objects to the Report on that basis, he misapprehends this process. As described above, the magistrate court has offered a recommendation to this court, and this court now issues a final disposition as permitted under Article III. *See supra* pp. 1–2.

In his second, third, and sixth objections, Plaintiff challenges the referral to bankruptcy court for the underlying bankruptcy matter. The court overrules these objections. United States District Courts have original jurisdiction over all bankruptcy matters and related proceedings. 28 U.S.C. §§ 1334(a), (b). But § 157(a) allows district courts to refer bankruptcy cases to the

3

bankruptcy court, and this district has referred all bankruptcy cases to its bankruptcy court. 28 U.S.C. § 157(a). While Plaintiff claims his case involved "non-core" issues that were improperly referred to the bankruptcy court, *see* ECF No. 10 at 1–2, he does not identify what those issues are. *See In re Sandifer*, Nos. 14-01657-DD, 2:15-cv-351 DCN, 2015 WL 4487882, at *2 n.2 (D.S.C. July 22, 2015) ("Non-core matters are claims that do not relate to bankruptcy, while 'core' causes of action generally relate to matters concerning the administration of a bankruptcy estate such as the determination of property and assets, liens and claims, dischargeability of a particular debt, approval of sales, and similar type issues." (citing 28 U.S.C. § 157(b)(2))). To the extent Plaintiff challenges the general process of referral of bankruptcy matters to the bankruptcy court, his argument lacks merit. And otherwise, he has failed to make a timely challenge of the bankruptcy court's authority to handle the issues in his case. *See In re Johnson*, 960 F.2d 396, 402 (4th Cir. 1992) ("[A] party's right to challenge entry of judgment by the bankruptcy court in a non-core related matter can be waived by failure to make a timely objection.").

Finally, in his fourth objection, Plaintiff maintains his appellate rights and asks for leave to appeal this case to the United States Court of Appeals for the Federal Circuit, pursuant to 28 U.S.C. § 1295. That statute does not give the Federal Circuit jurisdiction over bankruptcy appeals. Further, Plaintiff's request to appeal has no bearing on the court's finding that it is without jurisdiction to vacate the bankruptcy court's order.

## CONCLUSION

For the reasons set forth above, the Report, ECF No. 8, is adopted and incorporated. As a result, this action is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

April 25, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge